GARDNER v. GARDNER.

1. Divorce—Visits of Minor Child to Insane Mother.
   Divorce decree permitting minor child, whose custody was awarded to husband, to visit mother, was properly modified on showing that mother is now confined in State hospital for insane, and that such visits are not conducive to welfare of either mother or child.

2. Same—Alimony—Modification of Decree.
   Divorce decree requiring husband to pay wife $50 a month as permanent alimony is modified, on appeal, on showing that husband has no property, and that wife, who is now confined in State hospital for insane as a public charge, has approximately $1,000 deposited in bank and receives $200 annually during disability from insurance company, by requiring him to pay only cost of maintenance of wife at said hospital, same not to exceed $50 a month.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted January 8, 1930. (Docket No. 43, Calendar No. 34,593.) Decided March 6, 1930.

Petition by Isaac G. Gardner against Ida I. Gardner, by Winifred I. Smith, guardian *ad litem,* for modification of divorce decree as to payment of alimony and visits of child to mother. From de-

cree granting relief as to visits only, plaintiff appeals. Modified and affirmed.

*L. B. Gardner,* for plaintiff.

*D. G. F. Warner,* for defendant.

POTTER, J. Petition by plaintiff and appellant to modify the decree in *Gardner* v. *Gardner,* 239 Mich. 306. The circuit court modified it as to visits by the minor child to the mother (now confined in the Kalamazoo State hospital) upon proof that such visits were not conducive to the welfare of either the mother or the child. The decree of this court provided plaintiff should pay defendant the sum of $50 a month as permanent alimony until the further order of the circuit court, which sum should include the expense of maintenance of defendant at Kalamazoo State hospital. Defendant, since October 13, 1926, has been confined at the State hospital at Kalamazoo as a public charge. Petitioner has no property. Defendant has approximately $1,000 deposited in a bank, and receives $200 annually, during her disability, from an insurance company. The plaintiff had decree upon the ground of defendant's cruelty. He was given custody and control of the minor child. Had there been no divorce decree, plaintiff would have been liable for the care, support, and maintenance of his wife at the Michigan State hospital. The decree will be modified so that the amount plaintiff pays shall only be the cost and expense of maintenance of defendant at the Michigan State hospital, but the amount to be paid by him shall not exceed $50 a month. The decree will be modified in accordance herewith, without costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.